UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOVERNMENT ACCOUNTABILITY & OVERSIGHT )<br>724 Bielenberg Drive )<br>Woodbury, MN 55125 )<br>            )<br>     Plaintiff,      )<br>            )<br>  v.         )<br>            )<br>UNITED STATES DEPARTMENT OF HEALTH )<br>    AND HUMAN SERVICES )<br>200 Independence Avenue, S.W. )<br>Washington, D.C. 20201 )<br>            )<br>     Defendant.      ) | C.A No. 18- 1739 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff GOVERNMENT ACCOUNTABILITY & OVERSIGHT ("GAO") for its complaint against Defendant UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES ("the Department" or "HHS"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production of records in response to two FOIA requests to a component of HHS, the National Institutes of Health ("NIH") and specifically NIH's National Institute for Environmental Health Studies ("NIEHS").

2. HHS has improperly denied the requests by failing to provide an initial determination, produce responsive records or otherwise perform in accordance with its obligations under FOIA, as applied by this Court in *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

1

3. Plaintiff sought fee waivers for the requests, as provided by FOIA, based on the public interest in the information requested as detailed in the requests themselves, and requester's intention and ability to broadly disseminate the information.

4. Other non-profit requesters routinely receive fee waivers by federal agencies on the very same substantive issues for reasons of the public interest at issue.

5. HHS has not responded to plaintiff with an initial determination or substantive response in any way, for either request, but has only assigned the requests FOIA tracking numbers.

6. HHS has not given plaintiff any estimate the volume of records responsive to the requests, nor a date by which responsive records would be produced, nor any FOIA exemptions which it anticipates might apply.

7. HHS therefore has failed to respond to plaintiff's requests.

8. Accordingly, plaintiff files this lawsuit to compel HHS to comply with the law and produce the properly described public records in these two FOIA requests.

**PARTIES**

9. Plaintiff Government Accountability & Oversight ("GAO") is a nonprofit research, public policy and public interest litigation center organized under the laws of Minnesota. GAO is dedicated to advancing responsible regulation and, in particular, economically sustainable environmental and energy policy. GAO's programs include a transparency and publication initiative seeking public records relating to environmental and energy policy and how policymakers use public resources.

10. Defendant HHS is a federal agency headquartered in Washington, DC with constituent agencies including the National Institute for Environmental Health Studies (NIEHS).

## JURISDICTION AND VENUE

11. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and because the defendant maintains offices in the District. Furthermore, jurisdiction is proper under 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

12. Venue in this court is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because FOIA grants the District Court of the District of Columbia jurisdiction, and because defendant is a federal agency.

## FACTUAL BACKGROUND

13. On April 16, 2018 plaintiff submitted a FOIA request to NIEHS by electronic mail at [niehsfoia@niehs.nih.gov](mailto:niehsfoia@niehs.nih.gov), seeking copies of certain described electronic correspondence over a specific period of time of one named individual that was sent to or from, or which mentions anywhere, three specified email addresses of outside parties, and any attachments.

14. On May 21, 2018 plaintiff submitted a FOIA request to NIEHS by electronic mail at [niehsfoia@niehs.nih.gov](mailto:niehsfoia@niehs.nih.gov), seeking copies of certain described electronic correspondence over a specific period of time of one named individual that was sent to or from, or which mentions anywhere, one specific name, and any attachments.

### Defendant's Reply and Subsequent Proceedings

15. By form letter dated April 24, 2018, HHS (through NIEHS) acknowledged receipt of the April 16, 2018 request and assigned it FOIA number 47805.

16. By form letter dated June 5, 2018, HHS (through NIEHS) acknowledged receipt of the May 21, 2018 request and assigned it FOIA number 47907.

17. HHS owed plaintiff a response on FOIA Number 47805 or before May 18, 2018.

18. HHS owed plaintiff a response on FOIA Number 47907 or before June 18, 2018.

19. HHS has only acknowledged receipt of the two requests and asserted it might not respond to the requests within the statutory period of time, deferring decision on the requests' fee waivers.

20. HHS has not provided a substantive response of any kind to either request, whether a schedule of production and what exemptions it might claim under FOIA, or otherwise, to comply with FOIA's timeframe. *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

21. By failing to respond to plaintiff's requests in the required time in violation of statutory deadlines, defendant has also waived any ability to now seek fees.

22. Plaintiff has constructively and actually exhausted the administrative process as regards these two requests, because of HHS's failure to abide by FOIA's statutory deadlines.

## ARGUMENTS

23. Under the Freedom of Information Act, after an individual submits a request, an agency must determine within 20 working days after the receipt of any such request whether to comply with such request. 5 U.S.C.S. § 552(a)(6)(A)(i). Under *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013), that response must provide particularized assurance of the scope of potentially responsive records, including the scope of the records it plans to produce and the scope

of documents that it plans to withhold under any FOIA exemptions. This 20-working-day time limit also applies to any appeal. § 552(a) (6)(A)(ii).

24. U.S. Code 5 U.S.C.S. § 552(a)(6)(A) proclaims that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period. HHS did not seek additional information from plaintiff regarding the requests at issue in this suit.

25. Defendant HHS owes plaintiff records responsive to the requests at issue in this suit subject to legitimate withholdings, which requests reasonably described the information sought and were otherwise filed in compliance with applicable law.

26. In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) this Court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No. 110-59. To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with a*ny time limit'* of FOIA" (*emphasis added*).

27. By failing to substantively respond to plaintiff's requests in the required time in violation of statutory deadlines, defendant has also waived any ability to now seek fees.

5

28. Plaintiff has constructively and actually exhausted the administrative process as regards these requests, because of HHS's failure to abide by FOIA's statutory deadlines.

**FIRST CLAIM FOR RELIEF**
**Seeking Declaratory Judgment**

29. Plaintiff re-alleges paragraphs 1-28 as if fully set out herein.

30. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business, because defendant has failed to substantively respond pursuant to *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

31. Plaintiff asks this Court to enter a judgment declaring that:

    a. HHS's correspondence as specifically described in plaintiff's FOIA requests described, *supra*, are subject to release under FOIA;

    b. HHS must release those requested records or segregable portions thereof subject to legitimate exemptions;

    c. HHS may not assess or seek costs and fees for the requests at issue in this case, as plaintiff is entitled to a waiver of its fees.

**SECOND CLAIM FOR RELIEF**
**Seeking Injunctive Relief**

32. Plaintiff re-alleges paragraphs 1-31 as if fully set out herein.

33. Plaintiff is entitled to injunctive relief compelling defendant to produce all records in its possession responsive to plaintiff's FOIA requests, without fees, subject to legitimate withholdings.

34. Plaintiff asks the Court to order the defendant to produce to plaintiff, within 10 business days of the date of the order, the requested records described in plaintiff's FOIA requests, subject to legitimate withholdings.

35. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after plaintiff receives the last of the produced documents, addressing defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with plaintiff's challenges to defendant's withholdings and any other remaining issues.

## THIRD CLAIM FOR RELIEF
### Seeking Costs and Fees

36. Plaintiff re-alleges paragraphs 1-35 as if fully set out herein.

37. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

38. Plaintiff is statutorily entitled to recover fees and costs incurred as a result of defendant's refusal to fulfill the FOIA requests at issue in this case.

39. Plaintiff asks the Court to order the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 25th day of July, 2018,

By Counsel:

_____/s/_ Christopher Horner_____

Christopher C. Horner
D.C. Bar No. 440107
chris@chornerlaw.com
1489 Kinross Lane
Keswick, VA 22947
(202) 262-4458


_____/s/_ Jason T. Miller_____
Jason T. Miller
D.D.C. Bar No. MD0060
61miller@cua.edu
4008 Ferrara Drive
Silver Spring, MD 20906
(269) 841-0046

ATTORNEYS FOR Plaintiff

8